May I please the Court, John Reeves for the City of Ferguson. Because the class action complaint demonstrates that motorists, the plaintiffs, are attempting to litigate the Municipal Court Division's liability behind its back, and because that is a sovereign entity immune from suit, both Rule 19, as enunciated by the Supreme Court in Piemontel, as well as the Real Party and Interest Test, direct that this matter be reversed and remanded to the District Court with instructions to dismiss. The Supreme Court in the Piemontel- Mr. Reeves? Yes. You concede that your client doesn't have sovereign immunity, right? Yes. And this is here on an interlocutory appeal, right? Yes. How do we have jurisdiction? We have- this is an issue of first impression. The issue is in Piemontel, and I would also argue the Real Party and Interest Case, Real Party and Interest Test, in Piemontel the Supreme Court said that if an absent party is required to be joined, but cannot be joined due to sovereign immunity, and the plaintiff cannot obtain relief without joining that absent party, then that affects the interests of the absent party, then the case has to be dismissed. And this satisfies the collateral order doctrine, because if you look at it in the context of a Rule 19 motion, it is a matter that is procedural, not on the merits. Ruling on a Rule 19 matter completely disposes of that issue, whether it can go forth, and it's effectively unreviewable on appeal. And the reason for that, Judge Grunder, is if you look at the Piemontel case, the Supreme Court explicitly said that a case may not proceed, not just not go to judgment, may not proceed on the merits when a required entity sovereign is not amenable to suit. And in Piemontel, the bank was one of the non-sovereign parties that moved for dismissal on Rule 19. They were not entitled to sovereign immunity. And the Supreme Court, on appeal, said that the bank was allowed to move for dismissal on the basis of sovereign immunity. Again, it's not that the municipal corporation itself is entitled to sovereign immunity. I'm not making that argument. But rather, what I am saying is that where sovereign immunity is asserted, and the claims of the sovereign are not frivolous, dismissal of the action must be ordered where there is a potential for injury to the interests of the absent sovereign. Now, whether that is eligible for interlocutory appeal under the collateral order doctrine, that is an issue of first impression in this court. But it satisfies, as I noted in my conditional motion, all three elements of the collateral order doctrine are satisfied in that. Because the entire reason why Rule 19... Let me ask you, did you move to dismiss on this basis in the district court? It was on the basis not of this, but of the real party and interest test. And I did not raise the Rule 19 argument until for the first time on appeal. But it is, you can raise a Rule 19 argument for the first time on appeal. And courts, in fact, have a duty to sua sponte, consider that. And when you consider the fact that, again, in the Pimentel case... Well, wait a minute. What duty does the court of appeals have? Why shouldn't this be raised in the first... The case is still pending in the district court, right? Why shouldn't this motion be raised first in the district court? And then, if denied, subject to a potential interlocutory appeal if there's jurisdiction. But why do we have an obligation to do it now? Because of the nature of... It's just like as a sovereign entity can raise sovereign immunity for the first time on appeal, so too can a Rule 19 motion be raised for the first time on appeal. And the 10th Circuit has explicitly held that, and I cite that in my brief. Now, if this court does wish to... What's the name of the 10th Circuit case? The name of the 10th Circuit case is... I apologize. If Davis versus United States, and I cite that in my brief, it's 192 Federal 3rd 951, page 962 at note 13. And Pimentel says that courts may also consider this matter for the first time sua sponte. Again, this court in the Wilkinson case, Two Shields v. Wilkinson case, said the entire purpose of Rule 19 is to make sure that a plaintiff cannot argue, litigate an absent sovereign's liability behind its back. And what's interesting about that is that this court in the Wilkinson case came to that conclusion by citing the earlier case, it used the phrase, may not litigate the absent sovereign's immunity behind its back. That language, may not litigate the absent sovereign's immunity behind its back, comes from the case of Mining Company versus Forrestal from 1943, which the Pimentel case explicitly cited. That case is basically, is one of the foundational cases for the real party and interest test, but the Pimentel case also likened that to a Rule 19 case. The- Counsel, why is the Rule 19 decision not reviewable after final judgment here? It, because immunity, because it's, because immunity is not just immunity from liability, it's immunity from suit. And the whole point of the Pimentel case and this case in Wilkinson was that- But you concede your client doesn't have immunity. As a municipal corporation, yes, but that's not the same thing as saying that immunity bars the suit. Immunity bars the suit, not because the municipal corporation has immunity, but because this suit will implicate and call into question the municipal court division's ability to control its stock and its personnel will be subject to discovery. This is exactly why the real party and interest test was enacted. It's like saying, so in Forrestal, for example, Judge Grunder, the plaintiff brought suit against the undersecretary. And he was trying to say that it was against him in an individual capacity, not an official capacity. And the court said, well, he doesn't have a meritorious argument against him in an individual capacity. But rather than saying, well, he can just litigate that on the merits, it said it's obvious they're trying to go after the government. And this is particularly the case with injunctive relief. They are specifically asking the municipal court to reform its judicial and quasi-judicial actions. They cannot obtain that relief without the municipal court division being joined as a formal party. And we can- Well, the judge won't be able to give that relief then. But there's other relief sought against the city, isn't there? All the injunctive relief is based on the judicial and quasi-judicial actions of the court. And it's sort of begging the question- What other relief? I mean, what Webb said is then you have a defense on the merits if that's not relief available against you. Yes. But your honor- Yeah. But under that rationale, your honor, that would be like a Wilkinson saying, well, the private parties have a defense on the interest. But they could then go- But then the plaintiffs could go litigate and call into question whether the United States government breached its fiduciary duty. And as a practical matter, that would haul the United States government into court to have to answer whether it did, in fact, breach its fiduciary duty. The whole reason why you have an interlocutory appeal available for sovereign immunity is because it's effectively unreviewable on appeal because it's immunity from suit. But whose immunity? The state entities. The state entities. I am not saying that, again, that the municipal corporation has immunity. But they're trying to do a runaround around this. And the Supreme Court in Piedmont- But how is the city's immunity interfered with if the case proceeds until judgment? Because under Rule 19, Rule 19 doesn't say you can just proceed against the non-sovereign party. The entire case has to be dismissed because you can't have one without the other. It would be like saying, well, in Wilkinson, well, the case against the government, yeah, the government can't be joined. But it can still proceed against the non-sovereign party. That was the problem in the Pimentel case. The Ninth Circuit had dismissed the foot- Yes, yes, Your Honor. Not all of the allegations relate to the court. There are allegations that are specific to the city, right? And relief sought specific to the city. The only allegation, well, see, this is, well, Your Honor, but then, see, that's begging the question. One of the things we have to do under Rule 19 is to look at whether, in the absence of the alleged sovereignty, you can obtain full relief. And the Supreme Court in Pimentel explicitly said that requires you to examine the merits, just like in a qualified immunity case, you have to look at the merits there. The problem is, while they're saying that, as a matter of law, the Supreme Court has said in McMillan v Monroe County, that you have to look, as a matter of state law, in light of the particular function, on whose behalf are the officials in question acting? Are they acting on behalf of the city or on behalf of the state? And while they do allege that, like, jail wardens, jail officials, set a revoked bond, the only legal authority they have to do that is via the court. They're acting on behalf of the state. You take that out, there is nothing left. You literally cannot litigate this without bringing the municipal court division into this. And the 11th Circuit recognized this. I apologize, Your Honor. The 11th Circuit recently recognized this very thing, where it held that parties were seeking declaratory and injunctive relief to compel a sign to be put up, an advertising sign, but the named offend had no authority to do that. They said, okay, because they don't have authority, you have to join the other defendant then. So you're saying if the case proceeded without the state as a party. Yes. What would happen at the end of the case in the district court? Well. The judge could maybe say, no, I can't grant any relief, because the only way to help to give the relief that's requested is to do something against the state and they're not a party. The judge could do that. He could do that, but another possibility, Your Honor, is that the judge could say, well, since you've defined the municipal corporation to include the state, Eddie, and I disagree it's a state, Eddie, I'm going to order this entity within the definition to reform its practices. And if that entity then comes back and says, well, no, Your Honor, we're not part of the state. Well, the judge says, well, yeah, you are. I'm holding you in contempt then. That's already dangerously close to violating that sovereign's rights. The sovereign should not have to be hauled into court to answer that. This is exactly why Rule 19 was available. It would, if we were to- Go back to the question why that couldn't all be raised after judgment. Because at that point, Your Honor, the interests of the absent sovereign have already been implicated. The sovereign's already been put on notice that there's litigation questioning its quasi-judicial actions. Questions about, well, are we going to be deposed about this? Are we going to be asked questions about this? Is this court going to try and order us through the city, even though we're saying we're not part of the city, to change our actions? And I'll reserve the remainder of my time. Thank you. Ms. Sear, we'll hear from you. May it please the court, Alice Sear for Keely-Fent and the rest of the named plaintiffs. Your Honors, the plaintiffs sued the city of Ferguson over three and a half years ago. Because they had been jailed for their inability to pay fines associated with traffic tickets and other minor municipal violations. For that failure to pay, the city jailed them over and over and for indeterminate amounts of time. And that repeated imprisonment devastated their lives. Since the beginning of this case, Ferguson has brought three motions to dismiss. And on three separate occasions, Judge Fleisig found that plaintiffs sufficiently alleged that the challenge conduct in the complaint was driven by the policies and the practices of Ferguson. Executed through agents of Ferguson, like the city clerk, the city police department, and city attorney, all acting under the authority and direction of the city council. This appeal is from the denial of Ferguson's third motion to dismiss. I'd like to start with talking about the merits of the case, and then about jurisdiction. On the merits- That's a little bit, usually we do it the other way. I can go the other way, too. If you're comfortable with that. We might start with jurisdiction. Happy to start with jurisdiction, Your Honor. On jurisdiction, we believe that even though the court could rule on the merits for the plaintiffs, the proper disposition for this case is to dismiss it entirely for lack of appellate jurisdiction. And that's for two reasons. The first is that the final judgment rule does not permit immediate appeal based on a defense in the merits. The collateral order doctrine is a narrow exception to the final judgment rule. And it only applies to a very narrow class of decisions. And crucially, those decisions have to decide an issue that is entirely separate from the merits of the case. And if you consider Ferguson's arguments here, they go to the heart of the merits of the Monell claim. So first, consider the argument that all of the conduct in the complaint is municipal court conduct. That's just a different way of saying the plaintiff sued the wrong party. And that the party that got sued, the defendant, is not responsible for any of the actions. Whether or not the city did what we said it did is one of the core elements of the claim. That's precisely what Judge Fleisig is going to have to decide below. And this court should not be deciding it on no record and in the context of an interlocutory appeal. And indeed, in Maplewood, the court specifically concluded that this argument, that the municipal court is the real party in interest, is a merits defense. And that has jurisdictional implications. Counsel, can you explain why the court had jurisdiction in Maplewood and not here? What's the distinction between the two? There are two distinctions. The first one is that, however flimsily, Maplewood did actually raise its own immunity by identifying itself with the court. At the district court level, even though they abandoned it later, Maplewood said that all of the actions were by the defendant, by Maplewood, in its capacity as a municipal court, which is the arm of the state. So the minimal bar that we think is required for a collateral appeal was met there. So it's a difference between moving in the capacity of, as opposed to on behalf of. Yes, Your Honor. Or the way we would phrase it is, if you want the court of appeal to decide your immunity from suit, you have to say that you're immune and be able to make a colorable argument. So even if you have a losing argument, if it's a claim of immunity, then there's appellate jurisdiction? Is that the point? Maybe not. Not quite, Your Honor. Well, go ahead then. I mean, the city there was arguing that it had immunity. That's right, although it did abandon that argument later and separated itself from the municipal court. But I think the second distinction is that the panel in Maplewood did not have the benefit of a prior decision saying that this specific argument, that the municipal court is the real party in interest, is a defense in the merits. Did the Webb case even discuss jurisdiction? It did not. Do you know whether it was even argued to the... It was not, to that panel. But that's not to say that this panel could not, that that panel could not have considered it. It could have considered it sua sponte, if it wanted to. Well, but the question might be whether the panel overlooked it if there wasn't jurisdiction. And the fact that that panel... Yeah, go ahead. The fact that that panel exercised jurisdiction without deciding the question, I don't think binds us to find jurisdiction, do you? I would agree with you, Your Honor, that it doesn't bind this panel. But I also do think that having the benefit of the Maplewood decision before you, and having the benefit of that panel saying that this is a merits defense, resolves the question. Because a merits defense is not eligible for immediate review on appeal. But perhaps the answer should have been no jurisdiction as opposed to a decision on the merits. I would agree with that. Maplewood should have been dismissed as well. But if this panel wanted to look for distinguishing characteristics, I think those two would give it sufficient distance. What you mean? You think if the city says, we have immunity, and the court says, no, you don't have immunity, you're not entitled to immunity, then the proper disposition is to dismiss the appeal, or is it to rule that, no, your immunity defense fails? I think that because settled decades of Supreme Court... It shouldn't matter whether it's settled or not, I don't think. I'm not following. I mean, the Supreme Court decided the Owen case years ago and said municipalities don't have immunity. I can't remember if that was an interlocutory appeal or a post-judgment appeal. Well, crucially, Your Honor, here, the city has never argued that it has immunity. And so here... You mean in this case? In this case. And so if Ferguson had argued, we, the city of Ferguson, the named defendant, have immunity from suit, I think this court could take jurisdiction to decide that narrow question. But here, it concedes that it does not. Yeah, well, that makes... I think in Maplewood, the city was arguing immunity. I mean, they were arguing sort of a real party and interest combined with immunity. But anyway, proceed. So that's right, Your Honor. In this case, the only arguments the city makes are merits arguments in support of immunity. And it never argues for its own immunity from suit here. And it never argued for its own immunity from suit below. And as a consequence, there's really no immunity question for the court to decide. So with that, I'll... So do you think we have jurisdiction to decide this Rule 19 issue? No, Your Honor. And that's because the condition for the city's request that you decide that motion should not be triggered. Specifically, the city says, should this court agree with the plaintiffs and reject Ferguson's primary arguments by concluding that municipal court division is not the real party and interest, then the court should decide the Rule 19 motion. We don't think that the court should agree or disagree on the question of whether the municipal court is the real party and interest. We think that that's a key merits question that ought to be decided below, the question of whether or not the city did what we say it did. And so the condition should not spring to consider the Rule 19 motion. Does that answer your question, Your Honor? Well, it's an answer. I'll have to think about it, but I appreciate the thought. I can try again. No, I'm not saying it was necessarily insufficient. It was an answer, yes. It answered my question. All right. So, Your Honor, I'd like to address one of the main arguments that the city has been making, which is that the judgment against the city here would necessarily bind the municipal court. And that is why the entire suit should be dismissed. And, Your Honor, I just want to say that we sued the city for what the city did, and we don't get to define the contours of that entity. The contours of that entity are defined under state law, and it's just false to say that plaintiffs defined the city of Ferguson to include the municipal court. But to give an example of how our suit aims at city conduct, I want to draw your attention to the consent decree and the city's actions pursuant to that consent decree. After the consent decree, the city amended its municipal charter, and one of the amendments, Section 1352 of the Municipal Code, used to require that for a municipal ordinance violation, the minimum bond be set at $50. And we think that the judge of the municipal court would have been surprised to find out that he is entirely responsible for that ordinance. That was an ordinance that was passed by the city council with no involvement from the court. And similarly, after the consent decree, that section of the code was amended entirely by the city council's vote, signed by the mayor, and attested by the clerk. That's the kind of action that we're aiming at. The role of the city in creating the environment that led to the harms that we are alleging in constraining the municipal court in ways that increased the revenue flowing up to the city. So it's really just false, and false as a matter of public record, that the plaintiffs are aiming at purely judicial and quasi-judicial conduct. We're suing the city for what the city did or chose not to do. Another example is another amendment to the municipal code that the city undertook after the consent decree to Section 1368. And that section now requires that the municipal judge shall consider the ability to pay of defendants before assessing fines and fees. And so the city stands up here and says, we have no control over procedures in the court, and any relief against us either doesn't apply to the court because it's entirely distinct or binds an entirely sovereign entity. But if the city could undertake an ordinance that directs a judge to consider ability to pay, then the city could have done that earlier. Those actions were entirely within the control of the city. And that's the kind of conduct that we are aiming at. We're not asking the judge below to implicate the state or to drag the state into court. We're specifically suing the city because, really, the city is the driving force behind all of the violations and all the conduct in the complaint. And that, by the way, and I'll just make this last point and finish up, that, by the way, is the difference between our case and Soltes' and all of the cases on the final municipal law policymaker that the city cites, that all of those cases are cases aimed against officials in their official capacity. And so you have to look behind them to see whether or not they're just rogue tortfeasors or whether they represent the policy of the city. Here, we're not going after the chief of police for his conduct or trying to sue the judge because those were just individuals executing the policy of the city from above. Plaintiffs here are going straight for the city and trying to hold the city accountable for actions that it took. And it can't hide behind its municipal court and use its municipal court as a shield to evade responsibility for its own actions. Thank you for your time, Your Honors. Very well. Thank you for your argument. Mr. Reeves, we'll hear from you in rebuttal. Several things, Your Honors. First, I would say that if this court decides not to adjudicate the conditional Rule 19 motion on the merits and decides to remand, I would ask that it remand with instructions that the district court undertake that first before allowing anything else to proceed in this matter. Second, but having said that, I do believe that this court has jurisdiction, that this court as a practical matter first can decide this because this is a purely legal issue. It is not an issue of state because who has the authority under an unlawful policy or custom as a matter of state law. Second, going to the issue of what my friend Ms. Sears says about, well, this is a merits case. In Pimentel, the Supreme Court explicitly said that, so for example, one of the ways that you have to look at whether a joinder is necessary under Rule 19 is whether under Rule 19A1A, an absent party has to be joined if in that person's absence the court cannot apport complete relief among the existing parties. Now, Justice Kennedy writing for Pimentel said that that requires the court to conduct a preliminary assessment of the merits of the case because you can't determine whether complete relief can be afforded in the absence of the party without looking at the merits. And having done that, and I apologize, I should have said this earlier, the 11th Circuit recently looked at this and focused on the family v. Penaeus, that's 344F3D1263, where it held that the plaintiffs were seeking injunctive relief to put a, it was an advertisement relating to abortion up on a billboard, but the entity they sued had no legal authority to put that advertisement up, so an injunctive relief against them would have been ineffective. And the 11th Circuit agreed, yes, that's right, so they have to be joined. But whereas Joinder wasn't a problem there because that was a private entity, here it is. And despite my friend Ms. Sears' protest to the contrary, the fact is that they are asking for injunctive relief against the issuance of bonds, the issuance of arrest warrants, and similar matters that all, that Missouri law only vests the municipal court division with the authority to undertake. Municipal corporations have no legal authority to do that. Because of that, that makes them a required party under this because they cannot get the relief that they need. But the fact is that the municipal court division cannot be joined because it has sovereign immunity. And if it cannot be joined because of that, according to Peep and Tell, the case has to be dismissed. And having said that, I ask this court reverse. Thank you. Did this come up in your, only in the 28J letters, this Rule 19 matter? No, it did not, Your Honor. It first came up in my conditional motion. In your motion?  That's the motion that's pending, yeah. Yes. It's not in your brief on appeal, but it's in your conditional motion. Yes. And remind me again, the condition was what? If this court rejects the real party and interest claim, although I would argue if you look at the Forrestall case from 1943, the practical difference between the real party and interest case argument and the Rule 19 argument is a distinction without a difference because in both cases they're attempting to litigate the sovereign's liability behind its back, but thank you. Why would you need a remand if we reject the argument? I mean, the case is still pending. A remand with directions to dismiss. It wasn't framed as a conditional motion to remand. With directions that the case be dismissed on the grounds of Rule 19 as opposed to the... Okay, so that's not an interlocutory appeal. That's a motion. Yes, that's how I phrased it, and it can be raised for the first time on appeal, and that was my view. So you think we have jurisdiction to take up a motion that would order the case dismissed on appeal because of the Rule 19? Yes, Your Honor, because it's my view that the Rule 19 argument, if you look at the Pimentel case, the concerns about sovereign immunity and that, where the sovereign isn't a formally named defendant, are the exact same as when the sovereign is a formally named defendant. And if you can get an interlocutory appeal under the collateral order doctrine from a denial of sovereign immunity, there is no reason why you should not be able to get an interlocutory appeal if you're a non-sovereign from a Rule 19 motion if the absent party is a sovereign, because otherwise... But this isn't... It's not an appeal. It's a motion, but... Yes, yes. It's not an interlocutory appeal of a denial of a motion under Rule 19. That's not the posture in which it comes to pass. Yes, and if that is your concern, Your Honor, I would ask at the very least that... Yes, yes. I don't know what direction... Why would we have to give the district court directions? I mean, you can file the motion any time. You could have filed it already. Directions that consider this before allowing the case to proceed any further on the merits, since allowing the case to proceed on the merits where an absent sovereign's interests are implicated would violate that absent sovereignty. All right. Thank you. All right, thank you to both parties, both counsel, for your arguments. The case is submitted, and the court will file an opinion in due course.